UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 20-22597-CIV-MORENO**

ORIAN E. BAIN,

    Plaintiff,

vs.

HEALTH DISTRICT HOTEL PARTNERS,
LLC *d/b/a* SPRINGHILL SUITES MIAMI
ARTS/HEALTH DISTRICT and KONE, INC.,

    Defendants.
_____/

## ORDER REMANDING CASE

THIS CAUSE came before the Court upon Plaintiff's Motion to Remand (**D.E. 6**) and the parties' Joint Report in Compliance with Order to Show Cause (**D.E. 7**).

THE COURT has reviewed the Motion to Remand and the Joint Report, as well as the Notice of Removal, the Removal Status Report, and the pertinent portions of the record.

## BACKGROUND

On November 9, 2019, Plaintiff Orian E. Bain filed a complaint in the Eleventh Judicial Circuit alleging one count of negligence against each of the three Defendants: Health District Hotel Partners, LLC, Kone, Inc., and Larry Spencer. (D.E. 1-2 at 2–10.) Then, on June 18, 2020, the Eleventh Judicial Circuit dismissed the only claim against Larry Spencer. (*See* D.E. 5-1.) Spencer's dismissal created complete diversity among the parties and so on June 23, 2020 Health District Hotel Partners, LLC filed a Notice of Removal in this Court.

Notably, the only other defendant still in this lawsuit, Kone, Inc., did not join the Notice of Removal. (*See* D.E. 1.) The Court then issued a Notice of Court Practices that

ordered the removing party, Health District Hotel Partners, LLC, to file a Removal Status Report that provided, among other things, "[a] brief statement *by each Defendant* explaining whether or not each has joined the notice of removal."  (D.E. 3 at 2 (emphasis added).) Answering on Kone, Inc.'s behalf, Health District Hotel Partners, LLC asserted in the Removal Status Report that "Defendant, Kone, Inc., has not joined the Notice of Removal." (D.E. 4 at 4.)

As of July 24, 2020, Kone Inc. had not appeared in this case nor had it indicated in any way that it consented to and joined in the Notice of Removal filed by Health District Hotel Partners, LLC.  And so the Court issued an Order to Show Cause requiring that Plaintiff and Health District Hotel Partners, LLC file a joint response by July 30, 2020 "to show cause why the Court should not remand this case for failure to satisfy [the] unanimity rule."  (D.E. 5 at 2–3.)  The Order to Show Cause also required Plaintiff and Health District Hotel Partners, LLC to "advise the Court as to the status of Kone, Inc.'s consent and joinder in the removal."  *Id.*

The same day the Order to Show Cause issued, Plaintiff filed a Motion to Remand that raised several procedural defects in the removal, including the lack of unanimity, untimeliness, and the failure to comply with this Court's orders.  (*See* D.E. 6 at 2–3.)

Then, on July 29, 2020, Plaintiff and Health District Hotel Partners, LLC filed their Joint Report, which advises the Court that:

> Defendant, KONE, INC., by and through its counsel, has separately but uniformly advised the undersigned counsel for both the Plaintiff, BAIN, and Defendant, HEALTH DISTRICT, that Defendant, KONE, INC., does not oppose notice of removal but *will NOT join in* the Defendant, HEALTH DISTRICT, *Notice of Removal to federal court*.

(D.E. 7 at 1 (emphases added, but all caps in original).)

**LEGAL STANDARD**

Defendants seeking removal under 28 U.S.C. Section 1441 must do so according to the procedures in 28 U.S.C. Section 1446.  *Chakra 5, Inc. v. City of Miami Beach*, 968 F. Supp. 2d 1210, 1211 (S.D. Fla. 2013).  And Section 1446(b)(2)(A) provides that "all defendants who have been properly joined and served must *join in or consent to the removal of the action.*"  § 1446(b)(2)(A) (emphasis added).  The Eleventh Circuit has made clear that this "unanimity rule" requires that "all defendants consent to and join a notice of removal *in order for it to be effective.*"  *Bailey v. Janssen Pharm., Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008) (emphasis added and citation omitted).  "The failure to join all defendants in the petition is a defect in the removal procedure."  *Hernandez v. Seminole Cnty., Fla.*, 334 F.3d 1233, 1237 (11th Cir. 2003) (citation omitted).  And, indeed, "any defect in the removal procedure is grounds for remand."  *Bettner v. Macy's Fla. Stores, LLC*, 2014 WL 808162, at *1 (S.D. Fla. Feb. 28, 2014) (citing § 1147(c)).

Under Section 1447(c), a plaintiff may file a motion to remand a case "on the basis of any defect" other than lack of subject-matter jurisdiction.  28 U.S.C. § 1447(c).  Once a plaintiff does so, a district court may remand the case for any procedural defect in the removal procedure.  *See Velchez v. Carnival Corp.*, 331 F.3d 1207, 1210 (11th Cir. 2003).

**DISCUSSION**

The record is clear: neither Plaintiff nor Defendant Kone, Inc. want to litigate this case in federal court.  (*See* D.E. 1; D.E. 4 at 4; D.E. 6; D.E. 7 at 1.)

Plaintiff's motion to remand on multiple procedural defects establishes that he "does not want to acquiesce in the federal forum despite any procedural defects."  *Velchez*, 331 F.3d at 1210.  And—consistent with Health District Hotel Partners, LLC's previous assertion that

"Defendant, Kone, Inc., has not joined the Notice of Removal" (D.E. 4 at 4)—the Joint Report confirms that Kone, Inc. affirmatively advises that it "will NOT join in the . . . Notice of Removal to federal court" (D.E. 7 at 1 (caps in original)).

These facts show that there is no concern here about a plaintiff being denied his preferred forum because he may be willing to "acquiesce to federal jurisdiction[] and forgive any of the defendant's procedural errors in removing the case." *Velchez*, 331 F.3d at 1210 (citing *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1321 (11th Cir. 2001)).  Nor is there any equity concern here because more than 30 days have expired since the Notice of Removal was filed, and Kone, Inc. still has not joined that Notice. *See Bailey*, 536 F.3d at 1208.

Kone, Inc.'s continued refusal to join the Notice of Removal leaves no doubt that the unanimity rule has not been satisfied here.  This is a defect in the removal procedure, *Hernandez*, 334 F.3d at 1237, and is "grounds for remand," *Bettner*, 2014 WL 808162, at *1 (remanding for lack of unanimity where defendants "failed to take timely and binding action manifesting their consent to removal" even though they "advised" another defendant of their consent).  And because Plaintiff filed a motion to remand because of several procedural defects, the Court may now remand this case for defects in the removal procedure.  *See Velchez*, 331 F.3d at 1210.  The Court also notes that Health District Hotel Partners, LLC has not articulated any reason why this case should not be remanded despite the Court giving it an opportunity to do so.  (*See* D.E. 5 at 2; D.E. 7.)

Consequently, it is

**ADJUDGED** that this case is **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  The Clerk of this Court is hereby

directed to take all necessary steps and procedures to effect the expeditious remand of the above-styled action. The Clerk is directed to **CLOSE** the case. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st of July 2020.

*Federico A. Moreno*
_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Clerk of the Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida

Counsel of Record